**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

DESIRAE SILVA,

    Plaintiff,

v.

ECO RESTORATION AND
CONSTRUCTION, LLC.,
a Florida Limited Liability Company,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, DESIRAE SILVA ("Ms. Silva" or "Plaintiff"), pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, ECO RESTORATION AND CONSTRUCTION, LLC ("ERCL" or "Defendant"), alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of minimum wage and overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all minimum and overtime wages that Defendant has refused to pay Plaintiff during her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ERCL, was a Florida limited liability company located and transacting business within Deerfield Beach, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, ERCL, at its principal location at 290 South Military Trail, Deerfield Beach, Florida 33442.

5. Defendant, ERCL, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURSIDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, ERCL, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, ERCL, is a construction and remediation company that provides interior and exterior remodeling, installation, and remediation services to both residential and commercial buildings.

10. Defendant, ERCL, services its customers throughout Palm Beach County, Broward County, and Martin County, "twenty-four (24) hours of the day, seven (7) days a week." *See* https://ecofla.com.

## **FLSA COVERAGE**

11. Defendant, ERCL, is covered under the FLSA through enterprise coverage, as ERCL was engaged in interstate commerce during Plaintiff's employment period. More specifically, ERCL's business and Plaintiff's work for ERCL affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ERCL was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

12. During her employment with Defendant, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, computers, computer keyboards, pens, pencils, paper, office supplies, air blowers, air injectors, air movers, air scrubbers, dehumidifiers, ladders, hammers, saws, utility knives, measuring tapes, etc.

13. Defendant, ERCL, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, ERCL, an enterprise covered by the FLSA.

14. Upon information and belief, Defendant, ERCL, grossed or did business in excess of $500,000.00 during the years 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

15. During her employment, Plaintiff was a non-exempt employee of Defendant, ERCL, within the meaning of the FLSA.

16. During her employment, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of ERCL; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

## PLAINTIFF'S WORK FOR DEFENDANT

17. Plaintiff began working for Defendant on or about June 25, 2019 as an office manager, and continued to do so until on or about February 26, 2021.

18. During the time period pertinent to this Complaint, Defendant retained the power to hire, fire, discipline, and control company pay practices as they related to Plaintiff.

19. During the time period pertinent to this Complaint, Plaintiff performed non-exempt work and office duties including making phone calls, dealing with proposals, coordinating with customers, and reviewing account receivables and invoicing.

20. During the time period pertinent to this Complaint, Plaintiff was an hourly employee. Her regular hourly rate ranged from fourteen dollars ($14.00) to seventeen dollars ($17.00) per hour throughout her employment period.

21. Plaintiff worked in excess of forty (40) hours per week in one or more of her workweeks when employed by Defendant.

22. Indeed, Defendant would regularly deduct thirty (30) minutes per day from Plaintiff's pay checks, regardless of whether she worked through her lunch periods.

23. Beginning in November 2020, Defendant required Plaintiff to attend mandatory virtual networking meetings every Friday morning for thirty (30) minutes, for which she was not paid.

24. Defendant also failed to pay Plaintiff for all hours of work performed during her last week of work.

25. Therefore, Defendant failed to pay Plaintiff (i) at least $7.25 for all hours worked at or below forty (40) hours per week, and (ii) time-and-one-half her regular hourly rate for all hours worked in excess of forty (40) per week.

## **COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS –** *29 U.S.C. § 206*

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

28. Plaintiff performed work for Defendant during her employment for which she should have received the federally mandated rate of at least $7.25 per hour.

29. To date, Defendant has not properly paid Plaintiff all of her minimum wages as required by the FLSA.

30. Defendant willfully and intentionally refused to pay Plaintiff's proper minimum wages as required by the FLSA, as Defendant knew of the minimum wage requirements of the FLSA, or otherwise recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during Plaintiff's employment.

31. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

32. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

33. As a result of Defendant's failure and refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs, and reasonable attorney's fees.

## **COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

34. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

35. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

36. Plaintiff performed work for Defendant during her employment for which she should have received time-and-one-half her regular hourly rate for hours worked in excess of forty (40) in one or more work weeks.

37. To date, Defendant has not properly paid Plaintiff all of her overtime wages as required by the FLSA.

38. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week for which she was not properly compensated.

39. Defendant willfully and intentionally refused to pay Plaintiff's proper overtime wages as required by the FLSA, as Defendant knew of the overtime requirements of the FLSA, or otherwise recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during Plaintiff's employment.

40. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

41. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

42. As a result of Defendant's failure and refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs, and reasonable attorney's fees.

WHEREFORE, Plaintiff, DESIRAE SILVA respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ECO RESTORATION AND CONSTRUCTION, LLC ("ERCL" or "Defendant"), and award Plaintiff: (a) unliquidated damages to be paid by Defendant, (b) liquidated damages to be paid by Defendant, (c) reasonable attorney's fees and costs to be paid by Defendant, and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, DESIRAE SILVA, requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of March 2021.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 East Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Tel: (954) 871-0050
        *Counsel for Plaintiff, Desirae Silva*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        MELISSA SCOTT, ESQUIRE
        Florida Bar No. 1010123
        Jordan@jordanrichardspllc.com
        Melissa@jordanrichardspllc.com
        Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 25, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**