UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60666-SMITH/VALLE

DESIRAE SILVA,

    Plaintiff,
v.

ECO RESTORATION AND
CONSTRUCTION, LLC, *a Florida
Limited Liability Company*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon the Joint Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice (ECF No. 17) (the "Motion"). U.S. District Judge Rodney Smith has referred this matter to the undersigned "to determine whether any settlement in this matter is 'a fair and reasonable resolution of a bona fide dispute'" pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). (ECF No. 5).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the minimum wage and statutory overtime provisions. (ECF No. 1); *see* 29 U.S.C. § 201 *et seq*. On May 18, 2021, the parties filed a joint Notice of Settlement. (ECF No. 14). The instant Motion followed. (ECF No. 17).

Before the Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355. In doing so,

courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties have submitted the Confidential Agreement and Mutual Release (the "Settlement Agreement") for review. The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff and the amounts designated for attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

In addition, Plaintiff's counsel has submitted his billing records to the undersigned. The Court considered "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th

Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

## RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

(i) the Motion (ECF No. 17) be **GRANTED** and the Settlement Agreement be **APPROVED**;

(ii) the case be **DISMISSED WITH PREJUDICE**; and

(iii) the Court retain jurisdiction for 30 days from the Court's ruling on this Report and Recommendation to enforce the terms of the Settlement Agreement.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on June 30, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record